FILED'07 JUN 04 16:39USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRENT SHERMAN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 06-1780-PA |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| et al., | ) | |
| Defendants. | ) | |

**PANNER, J.**

Pro se plaintiff Brent Sherman, Sr. brings this civil rights
action against defendants the United States; the chairman and
commissioners of the U.S. Parole Commission; four U.S. parole
officials; Eugene Ebersole, Oregon assistant attorney general;
plaintiff's ex-girlfriend; and ten of plaintiff's former
customers.  Plaintiff brings claims for damages under 42 U.S.C.
§§ 1983, 1985, and 1986, and Bivens v. Six Unknown Named Agents
of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

I dismiss the complaint with prejudice for failure to state
a claim.

1 - OPINION AND ORDER

**BACKGROUND**

Plaintiff is in federal custody for parole violations.  He is on parole because of his convictions in 1982 and 1986 for bank robbery and escape.

In August 2001, plaintiff's parole officer, defendant Ed Glover, recommended that plaintiff be continued under parole supervision.  Glover reported that in May 2000, plaintiff was accused of raping a woman, but the district attorney had declined to bring charges for lack of evidence.

Plaintiff alleges that the alleged rape victim was his former girlfriend and business partner, Jana Lee Hill, and that the sex was consensual.  Plaintiff names Hill as a defendant in this action, contending that she made false allegations of rape to the police because she owed plaintiff thousands of dollars.

Glover also reported on an FBI investigation of plaintiff's sales of avionics equipment on the internet.  After taking payments from prospective buyers, plaintiff had failed to deliver the equipment.  Plaintiff alleges that he was the victim of a computer virus.  The U.S. Attorney chose not to pursue criminal charges against plaintiff because of the relatively small amounts lost and lack of evidence.  Plaintiff agreed with the FBI to reimburse his customers.  In his complaint here, plaintiff brings claims against former avionics customers.

After leaving the avionics business, plaintiff sold cars. Glover reported that the Oregon Attorney General's Office was

investigating customer complaints about plaintiff for failing to timely deliver titles on vehicles he had sold, and for writing a bad check to pay the balance of a loan for a consigned car. Plaintiff alleges that the problems with titles resulted from fraud committed by a wholesaler, and that the check would been covered if it had been tendered sooner.

Plaintiff alleges that in June 2004, defendant Oregon assistant attorney general Eugene Ebersole met with plaintiff and Glover about the complaints against plaintiff. Ebersole told Glover that the district attorney had decided not to prosecute plaintiff for fraud because of lack of evidence. Plaintiff alleges that Ebersole and Glover conspired to violate plaintiff's parole.

Later in June 2004, plaintiff agreed with the Oregon Attorney General to pay restitution to his former customers, and to refrain from selling avionics or vehicles over the internet. The "Assurance of Voluntary Compliance" resolved the state's civil fraud complaint against plaintiff.

In November 2004, the Parole Commission issued an arrest warrant for plaintiff. Plaintiff alleges that defendant Tiffany Moore, an case analyst trainee for the Parole Commission, drafted the warrant, which alleged that plaintiff had violated the conditions of parole by committing sexual assault and fraud. The warrant alleged fraud losses of about $27,000.

/ / / /

3 - OPINION AND ORDER

In December 2004, plaintiff was arrested.  Later in December 2004, the Parole Commission issued a supplement to the arrest warrant, raising the total fraud losses to about $38,000.

In February 2005, during a preliminary interview with a U.S. probation officer, plaintiff denied committing sexual misconduct or fraud.  The probation officer recommended that the Parole Commission find no probable cause on the sexual assault charge and find probable cause on the fraud charge.

In March 2005, a Parole Commissioner found probable cause to believe that Plaintiff had violated his parole, based on the charges of fraud and sexual assault.

In May 2005, a hearing examiner held a combined hearing on parole revocation and early termination.  The hearing examiner questioned two police detectives who had investigated the rape allegations against plaintiff.  Despite a subpoena, Hill, plaintiff's alleged victim, did not appear.  The hearing examiner found insufficient evidence to make a finding on the rape charge.

At the hearing, plaintiff argued that he did not intend to defraud any of his customers and that the losses were no more than $10,885.  The hearing examiner found that plaintiff had committed fraud, causing about $38,000 in losses.

After the hearing, the hearing examiner recommended that plaintiff's parole be revoked based on the fraud allegation.

In June 2005, the Parole Commission issued a notice of action, continuing plaintiff on supervision.  However, the Parole

Commission deferred a decision on releasing plaintiff pending further consideration of the rape charge against him.  Later in June 2005, the Parole Commission remanded for a continued hearing on the rape charge and ordered that a new subpoena, with a new address, be issued for Hill.

In August 2005, plaintiff filed a petition for habeas corpus relief under 28 U.S.C. § 2241, alleging violations of his constitutional and statutory rights, and seeking termination of supervision and immediate release.

In December 2005, the Parole Commission held a hearing. Hill again failed to appear despite a subpoena.  The hearing officer recommended no adverse finding on the rape charge, and agreed with the previous recommendation that plaintiff receive a downward departure to 12 months' custody, which would have meant a release date in December 2005.  The hearing officer stated, however, that he would recommend postponing release for up to 60 days to arrange for placement at a community corrections center. Plaintiff objected to delaying his release, contending that the Parole Commission should have held a hearing sooner.

After the hearing, the examiner, defendant Paul Howard, raised the amount of fraud loss to about $53,000, based on a different method of calculating damages.  (Plaintiff contends that the amount of loss was no more $22,919, which would result in the same guideline range, 24-32 months, as a $38,000 loss.) The higher loss figure raised the guideline range to 34-44

months.  Howard stated that no rehearing on the increased loss
amount was necessary because plaintiff had denied committing any
fraud.  Howard recommended that plaintiff serve 34 months'
custody and then be returned to parole.

In January 2006, the Parole Commission issued a notice of
action, finding that the fraud loss was more than $40,000,
resulting in a sentencing range of 34-44 months.  The Parole
Commission made no findings on the rape charge, citing Hill's
failure to appear.  The Parole Commission set a term of 34 months
in custody for plaintiff, with a presumptive parole date of
October 13, 2007.  The Parole Commission found no reason to
depart from its guidelines.

Plaintiff filed an administrative appeal.  In May 2006, the
National Board of Appeals affirmed the Parole Commission's
decision.

In March 2007, this court dismissed plaintiff's habeas
petition, concluding that plaintiff's constitutional and
statutory rights were not violated by the Parole Commission's
decision to revoke plaintiff's parole, by the timing and conduct
of the parole revocation hearings, or by the calculation of the
fraud losses.  See Sherman v. Reilly, Civ. No. 05-1252-PA, slip
op. (D. Or. Mar. 28, 2007).  Plaintiff has appealed that
decision.

Plaintiff brought this civil rights action while the habeas
petition was pending in this court.

6 - OPINION AND ORDER

**STANDARDS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim for a constitutional violation, the claim must be supported by factual allegations showing how the defendant's conduct injured the plaintiff. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint must specifically allege with some particularity the conduct of the defendants giving rise to the claim. Id.

When determining under 28 U.S.C. § 1915(e)(2) whether a plaintiff has failed to state a claim upon which relief can be granted, courts apply the standards used in motions for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1138 (9th Cir. 2005), cert. denied, 126 S. Ct. 2325 (2006). In determining whether a complaint fails to state a claim, the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999).

This court construes the pleadings of a pro se litigant more leniently than those drafted by a lawyer. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Pro se litigants are not, however, entitled to the benefit of every conceivable doubt. The court must draw only reasonable factual inferences in a pro se

7 - OPINION AND ORDER

plaintiff's favor.  McKinney v. De Bord, 507 F.2d 501, 504 (9th

Cir. 1974).  A pro se litigant should be given leave to amend his

or her complaint unless it is absolutely clear that amendment

cannot cure the deficiencies of the complaint.  Lopez v. Smith,

203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

**DISCUSSION**

**I.  Issue Preclusion**

In his habeas petition, plaintiff claimed that his statutory

and constitutional rights were violated by the Parole

Commission's actions.  In his complaint here, plaintiff brings

claims based on the parole revocation proceedings.  These claims

are barred by the doctrine of issue preclusion.

**A.  Standards**

"Issue preclusion, or collateral estoppel, refers to 'the

preclusive effect of a judgment in foreclosing relitigation of

issues that have been actually and necessarily decided in earlier

litigation.'"  In re Reynoso, 477 F.3d 1117, 1122 (9th Cir. 2007)

(quoting Frank v. United Airlines, Inc., 216 F.3d 845, 850 n.4

(9th Cir. 2000)).  The court may raise issue preclusion on its

own.  See Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993)

(per curiam).

> Issue preclusion bars relitigation of issues
> adjudicated in an earlier proceeding if three
> requirements are met:
>
> (1) the issue necessarily decided at the previous
> proceeding is identical to the one which is sought to
> be relitigated;

(2) the first proceeding ended with a final judgment on the merits; and

(3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.

Reynoso, 477 F.3d at 1122 (quoting Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006)).

**B.  Discussion**

A prior judgment in a federal habeas corpus proceeding may preclude claims brought in a subsequent civil rights action. Hawkins, 984 F.2d at 323.  That is true here.

**1.  First Element of Issue Preclusion**

In determining whether the issues resolved in the prior habeas proceeding are the same as those raised by plaintiff in his complaint here, the court may consider: (1) whether a substantial overlap exists between evidence to be submitted, or arguments to be made in the second proceeding, and the evidence submitted or arguments made in the first action; (2) whether the same law applies to both actions; (3) whether pretrial preparation in the first action would be relevant to the issues in the second action; and (4) the closeness of the relationship between the claims in the two proceedings.  Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1116 (9th Cir. 1999) (citing Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997)).

A comparison of the claims in plaintiff's third amended petition with the claims in plaintiff's complaint shows that the

9 - OPINION AND ORDER

claims in the two proceedings are based on the same allegations and rely on the same legal principles.

In the habeas petition, plaintiff claimed constitutional and statutory violations based on (1) the Parole Commission's failure to issue a summons or warrant as soon as possible after plaintiff's alleged parole violations; (2) Glover's alleged perjury and withholding of exculpatory evidence on the parole violation charges; (3) the Parole Commission's failure to base the parole warrant on probable cause; (4) the Parole Commission's alleged lack of authority to reopen or continue the parole revocation hearing; (5) the Parole Commission's alleged unreasonable delay of the parole revocation hearing; (6) the Parole Commission's alleged failure to establish the elements of fraud; and (7) the Parole Commission's alleged failure to establish the amount of loss on the fraud charge.

In plaintiff's complaint, he brings claims asserting that the delay in issuing parole warrant violated his constitutional and statutory rights, Compl. ¶ 5.09; that Glover conspired with other Parole Commission employees to keep plaintiff on parole, ¶ 5.11; that parole violations were improperly based on fraud allegations that had been the subject of a settlement agreement, ¶ 5.12; that the delay in holding a parole revocation hearing violated his rights, § 5.14; that the parole violation charges were not established beyond a reasonable doubt, ¶ 5.18; and that the examiner improperly increased the amount of fraud loss,

¶ 5.24.  Plaintiff's 88-page complaint contains allegations that
were not included in the habeas petition, such as those regarding
plaintiff's claims for damages.  The differences do not alter my
conclusion that plaintiff's claims are substantially the same as
the claims in his habeas petition.

In Hawkins, the Ninth Circuit upheld the dismissal of a
civil rights action based on issue preclusion under similar
circumstances.  As is true here, "in each case Hawkins claimed
identical constitutional rights were violated . . . .  The
district court addressed the merits of each of Hawkins' habeas
claims and denied relief because his federal constitutional and
statutory rights had not been violated.  This determination
necessarily precludes Hawkins' § 1983 action in which he raises
the identical issues, whether or not defendants were in privity
with the respondent in the habeas petition and even though
Hawkins sought different relief."  984 F.2d at 325.

## 2.  Second and Third Elements of Claim Preclusion

The second element of claim preclusion is satisfied because
the prior action, plaintiff's habeas petition, ended with a final
judgment on the merits.  Plaintiff's pending appeal of that
judgment does not affect its finality.  Id., 984 F.2d at 324-25.

The third element of claim preclusion is satisfied because
plaintiff was the petitioner in the habeas proceeding.

/ / / /

/ / / /

Issue preclusion bars plaintiff's claims for statutory and constitutional violations against the United States, the Parole Commissioners and the other parole officials, and Ebersole.

## II. Absolute Immunity

Even if plaintiff's claims were not barred by issue preclusion, several defendants are protected from liability by absolute immunity.

### A. Quasi-Judicial Immunity

Parole commissioners and other parole officials "are entitled to absolute immunity when they perform 'quasi-judicial' functions." Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (citing Anderson v. Boyd, 714 F.2d 906, 909-10 (9th Cir. 1983)). Absolute immunity covers "decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." Id. (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)).

Here, plaintiff alleges that the defendant Parole Commissioners and Chairman acted improperly in revoking his parole, delaying proceedings to hear additional evidence, applying a preponderance of the evidence standard, and recalculating the amount of fraud loss. These acts, and the other acts by the Commissioners that were directly related to the revocation of plaintiff's parole, are protected by absolute immunity. See, e.g., Walrath v. United States, 35 F.3d 277, 283 (7th Cir. 1994) (scheduling parole hearing is a quasi-judicial

act equivalent to judge's decision to set trial date); cf. Swift, 384 F.3d at 1191 (no absolute immunity for parole officers "when performing investigatory or law enforcement functions").

Plaintiff alleges that Hearing Examiner Paul Howard acted improperly in determining the amount of loss. Because Howard recalculated the amount of loss based on a different method of determining the loss, rather than on his own investigation of the evidence, Howard was performing a quasi-judicial act that was protected by absolute immunity. See Walrath, 35 F.3d at 282.

Similarly, Case Analyst Tiffany Moore is entitled to absolute immunity for her alleged conduct. Moore was performing a quasi-judicial function when she recommended that plaintiff's parole revocation hearing be continued for further consideration.

**B. Prosecutorial Immunity**

Plaintiff names Eugene F. Ebersole, an Oregon assistant attorney general, as a defendant. Plaintiff alleges that Ebersole conspired with Glover, plaintiff's parole officer, to violate plaintiff's parole. Plaintiff also alleges that before he entered into the June 2004 agreement with the state to pay restitution, Ebersole notified plaintiff's employer about customer complaints against plaintiff, which caused the employer to terminate plaintiff.

Prosecutors are absolutely immune from suit when "performing functions that require the exercise of prosecutorial discretion." Kalina v. Fletcher, 522 U.S. 118, 125 (1997). Cf. Broam v.

Bogan, 320 F.3d 1023, 1029 (9th Cir. 2003) ("the line between
investigative activities, which are protected only by qualified
immunity, and traditional prosecutorial duties, which are granted
absolute immunity, is not clear"). When Ebersole talked to
parole officials about the consumer complaints against plaintiff,
Ebersole was acting as an advocate for the government, not an
investigator or administrator. See Sadoski v. Mosley, 435 F.3d
1076, 1080 (9th Cir.) (Gould, J., concurring) (prosecutors
entitled to immunity when they "participated in [the plaintiff's]
re-sentencing and subsequent parole revocation), cert. denied,
126 S. Ct. 2864 (2006).

Even if immunity did not apply, plaintiff cannot state a
claim against Ebersole. As this court found in dismissing the
habeas petition, plaintiff's statutory and constitutional rights
were not violated during the proceedings that resulted in the
revocation of his parole.

Ebersole's alleged statements about plaintiff to plaintiff's
employer apparently described the pending fraud charges against
plaintiff. Even assuming that such statements could support a
claim, because Ebersole's alleged statements were made no later
than June 2004, the two-year statute of limitations for actions
under 42 U.S.C. § 1983 has run. See Bibeau v. Pacific Northwest
Research Foundation, Inc., 188 F.3d 1105, 1108 (9th Cir. 1999)
(citing Or. Rev. Stat. § 12.110(1)), amended on other grounds,
208 F.3d 831 (9th Cir. 2000).

### III.  Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, plaintiff must show that a defendant acting under color of state law deprived him of a federal constitutional or statutory right.  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  To state a claim under Bivens, plaintiff must show that the defendant acted under color of federal, rather than state, law.  See Mathis v. Pacific Gas and Elec. Co., 891 F.2d 1429, 1432 n.3 (9th Cir. 1989) ("The standards for determining whether an action is governmental are the same whether the purported nexus is to the state or to the federal government.").

### A.  Chief Probation Officer Eric Suing

Plaintiff alleges that defendant Eric Suing ignored plaintiff's letter of January 2006, in which plaintiff complained that Glover had acted illegally in his supervision of plaintiff. Plaintiff claims that by ignoring the letter, Suing "entered into the conspiracy to violate Plaintiff's parole and imprison Plaintiff in total disregard" for plaintiff's rights.  Compl. ¶ 4.107.

Assuming plaintiff's allegation is true, it is insufficient to state a claim against Suing.  Plaintiff does not allege that Suing did more than fail to respond to plaintiff's letter.  That is not sufficient to show that Suing himself violated plaintiff's rights or that he participated in a conspiracy against plaintiff. / / / /

**B. Former Customers of Plaintiff**

Plaintiff names ten of his former customers as defendants. Plaintiff alleges that some of the named customers "formed a so called 'Victims Group' and complained" to local television stations and specialty magazines that plaintiff "had ripped them off." Compl. ¶ 7.23.

Plaintiff has not alleged facts showing that the defendant customers acted under color of state or federal law. A private person's report of a possible crime to authorities, without more, is not sufficient to show that the person reporting the crime acted under color of law. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) ("Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under Section 1983."). Conclusory allegations of a conspiracy between a private person and a government official are not sufficient to establish that the private person acted under color of law. See Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988) (alleged conspiracy with a judge). There is no allegation that plaintiff's customers exercised any control over the Parole Commission or the district attorney. See Mann v. City of Tucson, 782 F.2d 790, 793 (9th Cir. 1986) ("to establish the requisite proximate cause between the conduct of private persons and searches in violation of section 1983, a plaintiff must prove the private individuals exercised control over the decision making in

a police investigation").

Nor can plaintiff state a claim under state law against his former customers.  The customers' alleged statements occurred more than two years before plaintiff filed this action, so any tort claims based on those statements would be barred by the applicable statutes of limitation.  See Or. Rev. Stat. §§ 12.110 (two-year statute of limitations for most intentional torts); 12.120(2) (one-year statute of limitations for libel or slander).

### C.  Claims Against Hill

Plaintiff has failed to state a claim against Hill, his former girlfriend.  Plaintiff alleges that Hill falsely reported to police that he had raped her, and that she made the false report to avoid repaying plaintiff for loans.

Plaintiff has not stated a civil rights claim against Hill based on Hill's report of a crime to the police.  Plaintiff makes no allegations that, if true, would establish that Hill conspired with or exercised undue influence over the police or the district attorney.  See Annan-Yartey v. Honolulu Police Dep't, 475 F. Supp. 2d 1041, 1047 (D. Haw. 2007) ("Generally, . . . allegations that a party merely complained to the police, even if the complaints led to an arrest, are not enough to establish a conspiracy for purposes of joint action under Section 1983.").

Plaintiff cannot state a claim under state law against Hill because the statute of limitations on possible tort claims has run.  Hill made the statements to police in 2000.

## CONCLUSION

This action is dismissed with prejudice.  Plaintiff's application (#1) and amended application (#8) for in forma pauperis status are denied as moot.  All other pending motions (##4, 7, 9, 10, 11, 12) are also denied as moot.

DATED this ___ day of June, 2007.

OWEN M. PANNER
U.S. DISTRICT JUDGE